**In re Alex ALESSANDRO, Jr., Debtor.**

**Alex Alessandro, Jr., Movant,**

**v.**

**People's Bank, Respondent.**

**No. 98–50683.**

United States Bankruptcy Court,
D. Connecticut.

Nov. 2, 2000.

Mark M. Kratter, Norwalk, CT, for Alessandro.

Louis C. Zowine, Bridgeport, CT, for People's Bank.

## MEMORANDUM AND ORDER ON DEBTOR'S MOTION TO AVOID LIENS IMPAIRING EXEMPTION

ALAN H. W. SHIFF, Chief Judge.

The issue here is whether the debtor may invoke Connecticut's homestead exemption to avoid a judgement lien that emanated from an unsecured revolving personal line of credit.[1]

### BACKGROUND

The debtor owned a single family residence in Bridgeport, Connecticut. On February 6, 1976, he signed an agreement with People's Bank to receive a $5,000 unsecured revolving line of credit that could be terminated by People's at will, i.e., in the absence of default by the debtor. *See People's Bank Personal Credit Line Agreement,* filed February 10, 2000. In 1993, the Connecticut legislature enacted Public Act No. 93–301. Section 2 of the Act added subsection 52–352b(t) which created a $75,000 homestead exemption as a measure of protection for homeowners. Section 3 of the Act provided that it "shall take effect October 1, 1993, and *shall be applicable to any lien for any obligation or claim arising on or after said date.*" P.A. 93–301 § 3 (emphasis added). It is undisputed that at the time of the effective date, the debtor owed $3,627.86. *See 9/22/93 to 10/20/93 statement.* As of January 23, 1995, there was a zero balance on that account. *See 12/21/94 to 01/23/95 statement.* Thereafter, the debtor utilized the credit line, defaulted, and on September 19, 1997. People's recorded the subject judgment lien on the debtor's residence in the amount of $6,581.87 to secure the corresponding debt. On April 15, 1998, the debtor commenced this chapter 7 case. On April 12, 1999, he filed the instant motion under 11 U.S.C. § 522(f)(1)(A) to avoid the judgment lien, claiming that it impaired his homestead exemption provided by Connecticut law and the Bankruptcy Code. *See* Connecticut General Statutes § 52–352b(t) and 11 U.S.C. § 522(b)(2)(A). The parties have agreed that the issue may be decided on the record. Accordingly, judicial notice has been taken of the case docket. *See* Fed.R.Evid. 201, made applicable here by Fed.R.Bankr.P. 9017; *Calabro v. United States,* 830 F.Supp. 175, 178 (E.D.N.Y. 1993).

### DISCUSSION

Section 522(b)(2)(A) of the bankruptcy code provides that a debtor may elect state law exemptions as an alternative to the federal exemptions provided in § 522(d).

---

1. The debtor's probate estate is now his successor in interest. *See* Rule 1016, F.R.Bankr.P. (The "[d]eath ... of [a] debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded ... as though the death ... had not occurred.")

Code section 522(f)(1)(A) provides that "the debtor may avoid the fixing of a [judicial] lien on an interest ... in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section ...".

The debtor argues that since People's judgment lien was recorded after the effective date of the Act, he may avoid that lien under § 522. People's contends that the judgment lien should not be avoided because it relates back to the pre effective date agreement which created the claim or obligation. The precise fact pattern presented here was considered in *Caraglior v. World Savings & Loan (In re Caraglior)*, 251 B.R. 778 (Bankr.D.Conn.2000), that is, a pre effective date agreement which was freely terminable and a post effective date debt and corresponding judgment lien. In that case, the *Caraglior* court granted the debtor's motion to avoid the judgment lien, reasoning that "[the creditor] could have canceled the credit card agreement in anticipation of the impending change in Connecticut exemption law as the surest way of terminating its exposure." *Id.* at 782. Although *Caraglior* addressed a credit card agreement and not a revolving line of credit, the court finds no basis for distinguishing those scenarios, and People's has provided none. The issue is not when the debtor-creditor relationship arose, but whether there was a lien on a claim or obligation which arose after the effective date. Because the instant lien relates exclusively to post effective date debt, the exemption applies.

Accordingly, the debtor's motion is GRANTED, and it is SO ORDERED.